a

BROACH & STULBERG, LLP
Robert B. Stulberg, Esq. (admitted pro hac vice)
Amy F. Shulman, Esq. (admitted pro hac vice)
One Penn Plaza, Suite 2016
New York, New York 10119
(212) 268-1000
Attorneys for Plaintiffs

COMMUNITY HEALTH LAW PROJECT
David Lazarus, Esq.
Deborah Fennelly, Esq.
185 Valley Street
South Orange, New Jersey 07079
(973) 275-1175
Attorneys for Plaintiffs

EPSTEIN BECKER & GREEN, P.C.
David W. Garland, Esq.
Frank C. Morris, Jr., Esq. (admitted pro hac vice)
One Gateway Center
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Defendant
The Port Authority of New York and New Jersey

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

----------------------------------------x

hip (HEIGHTENED INDEPENDENCE AND
PROGRESS), INC. and UNITED SPINAL
ASSOCIATION,

                        Plaintiffs,

v.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

Defendant.

----------------------------------------x

Civil Action No.: 07-2982-SRC-CLW

**STIPULATION
OF SETTLEMENT**

THIS STIPULATION OF SETTLEMENT ("this Stipulation"), dated this 2nd day of ~~May~~ July 2014, is made and entered into by and between heightened independence and progress, Inc. ("hip"), United Spinal Association ("USA"), and Peter Gimbel ("Mr. Gimbel") (collectively

FIRM:23770309v13

"Plaintiffs"), on the one hand, and the Port Authority of New York and New Jersey ("Port Authority" or "Defendant") on the other (collectively, "the Parties").

WHEREAS, Plaintiffs' Amended Complaint alleges that the Port Authority failed to comply with Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 et seq., and the regulations promulgated thereunder ("the ADA") and the New Jersey Law Against Discrimination ("LAD") by failing to make the Port Authority's Grove Street PATH Station in Jersey City, New Jersey (the "Station") accessible to individuals with disabilities, including individuals who cannot use stairs or escalators, when the Port Authority undertook certain construction at the Station ("the Action"); and

WHEREAS, the Port Authority has denied any liability for the claims asserted by Plaintiffs in the Action; and

WHEREAS, the Parties have agreed to settle the Action and finally and fully settle the claims asserted by Plaintiffs in this Action as of the Effective Date of this Stipulation, upon the terms and conditions set forth in this Stipulation; and

WHEREAS, the Parties have separately resolved all issues pertaining to attorneys' fees and costs;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for Plaintiffs and the Port Authority as follows:

## STATEMENT OF PURPOSE

1. The Parties are committed to making the Station accessible to individuals with disabilities in a manner compliant with the ADA and as set forth herein. The Parties agree that the terms of this Stipulation will be implemented in a manner to achieve the commitment referenced in the preceding sentence.

FIRM:23770309v13

## THE ACCESSIBILITY SOLUTION

2. The Port Authority agrees to install and maintain a passenger elevator at the Southwest entrance of the Station (the "elevator") that runs between the street level and the west side of the Station's mezzanine level, and a passenger vertical platform lift ("the VPL") that runs between the west side of the Station's mezzanine level and the Station's platform level (collectively, the "Accessibility Solution"). The Accessibility Solution shall be designed, implemented, and operated in a manner compliant with the ADA.

3. The elevator will be an ADA-compliant elevator customized for its intended use from the street to the mezzanine level of the Station.

4. The VPL will be an ADA-compliant model customized for its use in the Station. The VPL will travel at the Code applicable speed that the design and the footprint of the Station will allow at the time the VPL is installed, but no slower than 17 feet per minute and no faster than 30 feet per minute. The VPL will be designed so that a disabled passenger can call and operate the VPL from his or her wheelchair, scooter, or other assistive device by using a custom-designed, continuous-pressure operation switch that is conveniently located and appropriately sized for an individual using a wheelchair, scooter, or other assistive device. The VPL will be designed with a monitor, located at the exterior call station, through which lift users should be able to ascertain whether the lift is in use and whether the current user is experiencing any visible difficulty operating the lift. That monitor also will be connected to PATH security, which will respond according to protocol. In addition, the VPL will contain an emergency call feature, as in all PATH elevators, so that an individual using the lift can request assistance. The VPL design will be specified to include a certification from the manufacturer that the VPL is designed to meet the life-cycle criteria for the intended use of the VPL in the Station.

3

FIRM:23770309v13

5. The Port Authority agrees to use its best efforts to complete installation and implementation of the Accessibility Solution within three years from the date on which this Stipulation is so ordered, and to complete design drawings and award the contracts for construction for the Accessibility Solution within a reasonable time so that the Accessibility Solution can be installed and implemented within the three-year period. Failure to meet the dates for installation and implementation of the Accessibility Solution and for completion of design drawings and award of construction contracts shall not be considered a violation of this Stipulation as long as the Port Authority has used its best efforts to meet those dates. "Best efforts," as used in this Stipulation, means that the Port Authority shall take all reasonable and necessary steps to complete the Accessibility Solution within the three-year period and to complete the design drawings and award the contracts for construction for the Accessibility Solution as described above, and that the failure to complete the Accessibility Solution within the three-year period and to complete the design drawings and/or award the contracts for construction as described above shall only be excused by extraordinary, unanticipated circumstances legitimately beyond the Port Authority's control.

## GENERAL RELEASE

6. Upon the execution and "so ordering" of this Stipulation, Plaintiffs will be deemed to have released and forever discharged the Port Authority, and its respective subsidiaries (including PATH), divisions, successors and assigns, each of their respective past and present commissioners, officers, directors, employees, insurers, agents and attorneys (collectively, "the Releasees") from each and every claim and right arising from the acts and omissions complained of in the Action, whether known or unknown, up to and including the date of the execution and "so ordering" of this Stipulation. Plaintiffs will not be deemed to have

FIRM:23770309v13

released any claim or right arising after the date of execution and "so ordering" of this Stipulation.

## NON-ADMISSION OF LIABILITY

7. This Stipulation shall not constitute an adjudication or a finding on the merits of Plaintiffs' claims, and it shall not be construed as an admission or acknowledgment of any wrongdoing or liability by the Port Authority, and the Port Authority expressly denies any wrongdoing or liability.

## DISMISSAL OF ACTION AND ENFORCEMENT

8. Upon the execution and "so ordering" of this Stipulation, the Action will be dismissed. Until the Accessibility Solution is completed, the Court, by the Honorable Stanley R. Chesler (the "Court"), shall retain jurisdiction to receive periodic reports ("periodic reports") from the Port Authority (every three months during the first year, with the first report to be provided within three months of the date on which this Stipulation is "so ordered," and every six months thereafter) regarding progress toward completion of the Accessibility Solution. The Port Authority will provide the periodic reports to Plaintiffs on the same schedule. The periodic reports shall contain information regarding the status of the planning, design, bid, award, and/or construction of the Accessibility Solution in reasonably sufficient detail so that Plaintiffs and the Court can assess the progress toward completion.

9. The Court shall also retain jurisdiction to hear and resolve any disputes concerning this Stipulation. The parties agree to work cooperatively to avoid any litigation with respect to the progress of the completion of the Accessibility Solution, including by meeting and conferring in a good faith effort in order to resolve such disputes without the need for the Court's intervention. Any unresolved dispute concerning the Stipulation will be submitted to the Court.

FIRM:23770309v13

## PUBLIC STATEMENTS

10. None of the parties shall publicly disparage the others regarding the claims or defenses made in the Action or the Port Authority's decision to proceed with the Accessibility Solution. The parties shall work together in good faith to develop a joint statement/press release regarding the settlement of this Action. Nothing in this paragraph, however, shall apply to any statements that might be made in a court proceeding to enforce this Stipulation.

## ACKNOWLEDGEMENTS OF THE PARTIES

11. Each party acknowledges that it is fully and completely informed of the facts relating to the subject matter of this Stipulation; that it has entered into this Stipulation voluntarily after having given careful consideration to the making of this Stipulation; that it has carefully read the entire Stipulation; that it has discussed the provisions of this Stipulation with an attorney of its choice and executed it in reliance upon its own judgment and the advice of counsel; and that this Stipulation represents the entire agreement between the Parties with respect to the matters referenced herein; and that each party is legally competent to execute and deliver this Stipulation.

## CONSTRUCTION

12. The Parties hereto agree that the terms and language of this Stipulation were the result of negotiations between the Parties and, as a result, there shall be no assumption that any ambiguities in the Stipulation shall be resolved against any party. Any controversy over the construction of this Stipulation shall be decided without regard to the events of authorship or negotiation.

FIRM:23770309v13

## HEADINGS

13. The headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect any of the terms or provisions hereof.

## COUNTERPARTS

14. This Stipulation and any amendments hereto may be executed in any number of counterparts, all of which together shall constitute a single, original instrument.

## COMMUNICATIONS

15. Communications concerning this Stipulation, and the matters referred to herein, shall be transmitted by personal delivery or by any other method as specifically consented to by counsel to the Parties, as set forth below, or to such other persons as may hereafter be designated by providing notice to opposing counsel:

If to the Port Authority:	The Port Authority of New York and New Jersey
225 Park Avenue South, 15th Floor
New York, New York 10003
Attn: General Counsel

If to Plaintiffs:	Broach & Stulberg, LLP
One Penn Plaza, Suite 2016
New York, N.Y. 10119
Attn: Robert B. Stulberg, Esq.
       Amy Shulman, Esq.

Community Health Law Project
185 Valley Street
South Orange, New Jersey 07079
Attn: David Lazarus, Esq.
       Deborah Fennelly, Esq.

## MODIFICATION OF THE STIPULATION

16. The terms of this Stipulation may be modified by the Parties only upon a written agreement signed by all of the Parties.

Dated: Newark, New Jersey
       May 2, 2014

7

FIRM:23770309v13

**FOR PLAINTIFFS HEIGHTENED INDEPENDENCE AND PROGRESS, INC., UNITED SPINAL ASSOCIATION, AND PETER GIMBEL**

Robert B. Stulberg, Esq.
Amy F. Shulman, Esq.
BROACH & STULBERG, LLP
Attorneys for Plaintiffs
One Penn Plaza, Suite 2016
New York, NY 10119
Tel: (212) 268-1000
Fax: (212) 947-6010

David Lazarus, Esq.
Deborah Fennelly, Esq.
COMMUNITY HEALTH LAW PROJECT
Attorneys for Plaintiffs
185 Valley Street
South Orange, New Jersey 07079

**FOR DEFENDANT THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY**

Patrick J. Foye
Executive Director
The Port Authority of New York and New Jersey
225 Park Avenue South
New York, NY 10003

**ATTORNEYS FOR THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY**

David W. Garland, Esq.
Frank C. Morris, Jr., Esq.
EPSTEIN BECKER & GREEN, P.C.
Attorneys for The Port Authority Of New York And New Jersey
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 642-1900
Fax: (973) 642-0099

SO ORDERED:

Dated: 7/2, 2014

Honorable Stanley R. Chesler
United States District Judge

8

FIRM:23770309v13